# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Merrell Neal, (11291-424), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 19 C 50152 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Warden Hudson, Warden of A.U.S.P. | ) | |
| Thomson, Illinois, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner's motion to take judicial notice of *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019), [7] is granted. Respondent shall answer or otherwise respond to the habeas corpus petition [1] by October 11, 2019.

## STATEMENT

Petitioner Merrell Neal, a federal inmate at AUSP Thomson, brings this *pro se* 28 U.S.C. § 2241 habeas corpus petition[1] challenging his conviction from the United States District Court for the Eastern District of Tennessee. *United States v. Neal*, 577 Fed. Appx. 434 (6th Cir. 2014).

Petitioner has paid the five dollar filing fee. (Dkt. 6.) Pending before the Court is the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] (Dkt. 1.)

---

[1] Petitioner labels his filing as a 28 U.S.C. § 2241 petition. To bring a § 2241 petition, a 28 U.S.C. § 2255 motion must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Court shall address whether Petitioner can avail himself of § 2255(e) once the parties have briefed the petition. The present order simply instructs the parties to brief the habeas corpus petition, it does not definitively resolve whether this is a proper § 2241 petition or an improper § 2255 motion.

[2] Although this case is brought under 28 U.S.C. § 2241, the Court is permitted to apply the Rules Governing Section 2254 Cases in the United States District Courts to the instant action. *See* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders Respondent to answer or otherwise respond to the petition.

Petitioner alleges that his sentence was improperly enhanced based on a prior conviction that no longer qualifies as a predicate for the enhancement in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). This issue cannot be resolved based on an initial review of the petition. Respondent is therefore ordered to answer or otherwise respond to the habeas corpus petition. The Court shall leave it to Respondent to investigate any affirmative defenses he desires.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Any paper that is sent directly to the Judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Petitioner.

Date:   August 7, 2019                                    /s/   John J. Tharp, Jr.
                                                          John J. Tharp, Jr.
                                                          United States District Judge