## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| Merrell Neal, | ) | |
| Petitioner, | ) | |
| | ) | No. 19 CV 50152 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Warden Hudson, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Merrell Neal has filed a petition under 28 U.S.C. § 2241 asking this Court to set aside his life sentence. The government has moved to dismiss the petition because in his plea agreement, Mr. Neal waived his right to collaterally attack his sentence or conviction. For the reasons that follow, the motion to dismiss [16] is granted and Mr. Neal's petition [1] is dismissed.

### BACKGROUND

Because this matter is before the Court on a motion to dismiss, not much of a record has been developed in this habeas matter. The Court has therefore turned to the filings in the underlying criminal case, of which it can take judicial notice. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). On June 5, 2012, a grand jury in the Eastern District of Tennessee issued a Second Superseding Indictment charging Mr. Neal with eight drug and firearm offenses: conspiracy to distribute and possess with the intent to distribute five or more kilograms of cocaine, 280 or more grams of crack cocaine, and 100 or more grams of heroin, *see* 21 U.S.C. § 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) (Count I); possession with intent to distribute 500 or more grams of cocaine on March 27, 2011, and aiding and abetting another to do the same, *see* 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) (Count III); possession with intent to distribute 500 or more grams of cocaine on April 2, 2011, and aiding and abetting another to do the same, *see* 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) (Count IV); possession of a firearm in furtherance of a drug offense on April 2, 2011, *see* 18 U.S.C. § 924(c) (Count VII); possession of a firearm by a felon on April 2, 2011, *see* 18 U.S.C. § 922(g)(1) (Count VIII); possession with intent to distribute 500 or more grams of cocaine on May 21, 2011, and aiding and abetting another to do the same, *see* 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) (Count IX); possession with intent to distribute 100 or more grams of heroin on May 21, 2011, and aiding and abetting another to do the same, *see* 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), 841(b)(1)(B) (Count X); and possession of a firearm in furtherance of a drug offense on May 21, 2011, *see* 18 U.S.C. § 924(c) (Count XIII). *See United States v. Merrell Neal*, Case No. 11 CR 69 (E.D. Tenn.) at Dkt. 97.

On June 7, 2012, the government filed a notice under 21 U.S.C. § 851 in Mr. Neal's criminal case that it would seek a sentencing enhancement based on two prior convictions: (1) a 1992 conviction in Cook County, Illinois, for possession with intent to distribute cocaine; and (2)

a 1999 conviction in the Northern District of Illinois for conspiracy to possess with intent to distribute cocaine and crack cocaine. *Id.* at Dkt. 99. On June 12, 2012, the district judge in the Tennessee case denied Mr. Neal's motion to suppress evidence, *id.*at Dkt. 106, and on June 18, 2012, Mr. Neal pleaded guilty to Count I of the superseding indictment, *id.* at Dkt. 117. In his plea agreement, which is not publicly available on the docket in his Tennessee case but which the government attached under seal to its motion to dismiss, in exchange for his plea of guilty to Count I, the government agreed to drop the remaining counts. Dkt. 17-2 at 1. Also in the plea agreement, Mr. Neal waived his ability to collaterally attack his sentence except in two limited circumstances:

> the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

*Id.* at 9.

The district judge sentenced Mr. Neal on June 19, 2013. *See Neal*, Case No. 11 CR 69 (E.D. Tenn.) at Dkt. 165. During the hearing, the judge concluded that under the advisory Guidelines calculations, Mr. Neal's total offense level was 29 and his criminal history category was II. *Id.* at Dkt. 167 pp. 4-5. Although the judge did not articulate the resulting advisory Guidelines range during the hearing, defense counsel noted that the range would be 97 to 121 months, *id.* at 11, which is consistent with the Sentencing Guidelines in effect at the time of Mr. Neal's sentencing, *see* U.S. Sent'g Guidelines Manual, Sentencing Table (U.S. Sent'g Comm'n 2012). However, under the then-version of 21 U.S.C. § 841(b)(1)(A), "two or more prior convictions for a felony drug offense" required a statutory minimum sentence of life imprisonment, and so based on the two prior convictions identified in the government's § 851 notice, the judge sentenced Mr. Neal to life. *See Neal*, Case No. 11 CR 69 (E.D. Tenn.) at Dkt. 165. Mr. Neal filed a direct appeal taking issue with the denial of his motion to suppress and the constitutionality of a life sentence, but the Sixth Circuit affirmed. *See United States v. Neal*, 577 Fed. Appx. 434 (6th Cir. 2014). He did not file a motion under 28 U.S.C. § 2255. Petition [1] at 4.

On July 8, 2019, Mr. Neal filed a petition under 28 U.S.C. § 2241 asking to be resentenced without the § 851 enhancement. *Id.* at 8. He properly filed it with the Northern District of Illinois because he was housed here at the time.[1] *See Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (a § 2241 petition is filed in the district where the prisoner is being housed). In support of his petition, Mr. Neal argues that under recent cases involving statutory

---

[1] Mr. Neal filed this action while incarcerated at USP Thomson, a prison located within the Northern District of Illinois. Dkt. 1. He was relocated to USP Coleman 3 in Florida during the pendency of this litigation. Dkt. 42. The proper forum for a 28 U.S.C. § 2241 habeas corpus petition is the judicial district where the prisoner is incarcerated. *See Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015). This case was properly filed in the Northern District of Illinois as Mr. Neal was located here at that time, and so the Court retains jurisdiction over the petition even after his transfer. *In re Hall*, No. 20-3245, 2021 U.S. App. LEXIS 4086, at *1-2 (7th Cir. Feb. 12, 2021).

interpretation, including the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his 1992 conviction in Cook County, Illinois, can no longer serve as a predicate offense for a sentencing enhancement, and therefore he should not be subject to a statutory minimum sentence of life. Petition [1] at 7-8.

In response to Mr. Neal's petition, the government has filed a motion to dismiss. Dkt. 16. It argues that Mr. Neal's petition should be dismissed because in his plea agreement he waived his ability to seek collateral relief.

## ANALYSIS

Under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions under 28 U.S.C. § 2241, the court must dismiss any petition if it plainly appears that the petitioner is not entitled to relief in the district court. *See also* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

As quoted above, in his plea agreement Mr. Neal waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence," except to pursue claims of ineffective assistance of counsel or prosecutorial misconduct. His petition raises neither of those claims. As the Seventh Circuit has noted, waivers of both the right to appeal and to proceedings seeking collateral review are enforceable except in limited circumstances, such as when the sentencing court relied on a constitutionally impermissible factor like race, the sentence imposed exceeded the statutory maximum, or the plea was not knowing and voluntary or counsel was ineffective in negotiating the plea. *See Keller v. United States*, 657 F.3d 675, 678 (7th Cir. 2011). Mr. Neal does not contend that his sentence exceeded the statutory maximum, nor did it because the statutory maximum under 21 U.S.C. § 841(b)(1)(A) was then and is now life. He does not seek to set aside the entire plea agreement, which if set aside would invalidate not only his guilty plea but also the government's agreement to dismiss seven of the eight counts against him. Mr. Neal contends that he did identify a constitutionally impermissible sentencing factor in his petition, and therefore *Cross v. United States*, 892 F.3d 288, 298 (7th Cir. 2018) governs his claim. To begin, Mr. Neal does not identify what impermissible factor the sentencing court used, and his petition specifically notes that it is based on *Mathis*, which he describes as "a *statutory* interpretation case." Memorandum [2] at 2 (emphasis added). As for *Cross*, it involved a waiver whose language explicitly allowed collateral proceedings involving *any* unconstitutional input at sentencing, not just the impermissible inputs that cannot be waived such as race or gender. *See Cross*, 892 F.3d at 299 ("The language of the plea agreement does not limit the term "constitutionally impermissible factor" to the exceptions that we must read into all appeal waivers.").

Mr. Neal's reliance on *United States v. De La Torre*, 940 F.3d 958 (7th Cir. 2019), does not support his attempt to set aside his collateral review waiver because that case involved setting aside two defendants' entire plea agreements on direct appeal, and never mentioned whether those plea agreements contained waivers. *Id.* at 944-45, 949-50, 952-53. Mr. Neal notes that in *Keller v. United States*, the Seventh Circuit required that any waiver of the right to

bring collateral proceedings be explicit. Response [21] at 2 (citing *Keller v. United States*, 657 F.3d at 681). Mr. Neal's waiver is explicit: "the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence," except for claims of ineffective assistance of counsel or prosecutorial misconduct, Dkt. 17-2 at 1, which Mr. Neal has not asserted.

Mr. Neal's collateral review waiver also bars his ability to seek relief under 28 U.S.C. § 2241. The normal avenue available to a federal prisoner to collaterally attack his or her sentence is 28 U.S.C. § 2255. But § 2255 contains strict limits, such as a one-year time limit, a second or later motion under § 2255 requires advance permission, and permission for successive motions is allowed only to address new evidence or constitutional, not statutory, developments in the law. *See* 28 U.S.C. 2255(f), (h). If those limits make § 2255 "inadequate or ineffective" to test the legality of a prisoner's detention," then the prisoner may be able to obtain relief under the "savings clause" of § 2255(e). *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). A prisoner who can satisfy the "inadequate or ineffective" provision of § 2255(e), can attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. But an appeal or collateral review waiver in a plea agreement does not make § 2255 inadequate or ineffective. *See Muse v. Daniels*, 815 F.3d 265, 266-67 (7th Cir. 2016) ("The reason he could not contest the magistrate judge's decision has nothing to do with § 2255. It is, instead, the consequence of his own decision to waive any entitlement to raise the age issue on collateral attack."). Likewise, it is Mr. Neal's collateral review waiver, not any deficiency or inadequacy of § 2255, that leaves him unable to proceed.

One final note. Mr. Neal filed several motions to take judicial notice of recent court opinions. The Court previously granted those motions and has reviewed those cases. But the cases either do not discuss the effects of a collateral review waiver, or he presented them only in support of the merits of his petition, that his Illinois conviction cannot serve as a predicate for a sentencing enhancement. Therefore, the Court need not address the cases individually.

## CONCLUSION

Because it plainly appears from Mr. Neal's petition and the items of which the Court has taken judicial notice, the government's motion to dismiss [16] is granted, Mr. Neal's petition [1] is dismissed, and this case is closed.

Mr. Neal is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Neal need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion

suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Neal cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: March 11, 2021          By:    _____

                                     Iain D. Johnston
                                     United States District Judge